UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **LEOLA LEE** | : | **DOCKET NO. 1:22-cv-04299** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **ALLSTATE VEHICLE &** <br> **PROPERTY INSURANCE CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a motion styled *Allstate Vehicle and Property Insurance Company's Motion to Dismiss Complaint* filed by defendant Allstate Vehicle and Property Insurance Company. Doc. 29. The time for response has passed with none being filed, making the motion unopposed and ripe for resolution.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's property in Mansura, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley & Associates, PLLC ("MMA") filed this lawsuit in plaintiff's name in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against defendant under Louisiana law. Doc. 1.

Defendant filed the instant motion seeking dismissal of this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 29, att. 1.  Specifically, defendant claims it issued no insurance policy to plaintiff, and therefore, plaintiff does not have standing to sue defendant and failed to establish enough facts to establish that she is entitled to relief. *Id.*  Plaintiff has not filed an opposition to this motion.

## II.
### LAW AND ANALYSIS

At the outset, the court finds Rule 12(b)(1) inapplicable in this instance.  The issue before the court revolves around whether there is privity of contract between plaintiff and defendant in this breach-of-contract lawsuit. Doc. 29.  Defendant argues plaintiff "cannot establish that she has suffered a particular injury as the result of" defendant's conduct because there is not privity of contract between the parties. Doc. 29, att. 1, p. 2.  Though phrased to sound like an Article III standing issue, this argument really goes to the merits of the case, not to the court's subject matter jurisdiction. *See Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021).  Thus, defendant's standing argument is based on the alleged absence of contractual standing, *i.e.*, plaintiff's right to relief for breach of contract, not a lack of an Article III injury, which speaks to the court's power to adjudicate a controversy. *Id.* at 351.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief

that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricanes Laura and Delta. The complaint claims the policy "was in full force and effect on both August 27, 2020 and October 9, 2020." Doc. 1, p. 3, ¶ 8. The complaint also alleges plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant bearing policy number 831603210." Doc. 1, p. 1, ¶ 1. Because these are well-pleaded facts, the court must accept them as true, meaning the court accepts, for purposes of deciding this motion, that defendant issued a policy of insurance to plaintiff that was in effect at the relevant times.

Rule 12(b)(6) does not allow the court's inquiry to stray beyond the pleadings in normal circumstances. Here the court is presented with an affidavit that was not made part of the pleadings. Doc. 29, att. 2. Accordingly, the court may not consider the affidavit's contents. The motion provides no other evidence to rebut plaintiff's well-pleaded facts except defendant's factual allegation that no policy existed. In a Rule 12(b)(6) analysis, the court does not consider new facts raised in the motion, only those in plaintiff's complaint. Given the constraints on our consideration of motions to dismiss, the court is bound to recommend that the motion be denied. The arguments raised by defendant and supported by affidavit are better suited to a motion for summary judgment rather than a motion to dismiss.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 29] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of August, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE