UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEOLA LEE | CIVIL ACTION NO. 22-4299 |
| VERSUS | JUDGE DONALD E. WALTER |
| ALLSTATE VEHICLE & PROPERTY INSURANCE CO. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Allstate Vehicle and Property Insurance Company ("Allstate"). See Record Document 35. For the reasons stated below, Allstate's motion for summary judgment is **GRANTED**.

## BACKGROUND

This case arises from damage to the plaintiff's property in Mansura, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020. See Record Document 1. The lawsuit was originally filed by attorneys formerly associated with the law firm of McClenny Moseley & Associates, PLLC, raising claims of breach of insurance contract and bad faith. See id. Allstate originally filed a motion seeking dismissal of the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming that it had not issued a policy of insurance to the plaintiff and, therefore, the plaintiff lacked standing and failed to show that she was entitled to relief. See Record Document 29. Although the motion was unopposed, this Court adopted the Report and Recommendation issued by Magistrate Judge Thomas LeBlanc, wherein he recommended that the motion to dismiss be denied for procedural concerns. See Record Documents 32 and 34. Allstate has now filed a motion for summary judgment, again arguing that

the plaintiff did not have a homeowners insurance policy with Allstate Insurance or any of its subsidiaries. See Record Document 35. Once again, the motion is unopposed.

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)).

**B. No Policy Of Insurance.**

"The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." Dixon v. Direct Gen. Ins. Co. of La., 12 So.3d 357, 360 (La. App. 1st Cir. 3/27/09) (citation omitted). "A plaintiff suing on an insurance contract has the burden of establishing the

existence of the policy . . . and its terms and provisions." Coleman v. Anco Insulations, Inc., 196 F.Supp.3d 608, 610 (M.D. La. 2016) (quotations and citation omitted).

Summary judgment is appropriate in this case because there is simply no indication that this defendant issued a relevant and applicable policy of insurance. By affidavit, the defendant has borne the initial burden of showing that it issued no policy of insurance covering this plaintiff or property, and the plaintiff has failed to establish that a genuine issue of material fact exists on that issue. See Record Document 35-3.

The Court has provided the plaintiff ample opportunity to provide the policy of insurance or argue how the defendant could be liable for the damages described in the complaint. The plaintiff's complaint did not attach a copy of the alleged policy. The plaintiff also failed to respond to both a motion to dismiss and the instant motion for summary judgment. Having failed to do so, the plaintiff has failed to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511 (quotations omitted).

## CONCLUSION

For the foregoing reasons, Allstate's motion for summary judgment (Record Document 35) is **GRANTED**. All of Leola Lee's claims against Allstate are **DISMISSED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue forthwith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of November, 2024.

_Donald E. Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE